Filed 12/10/24  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082730 |
| v. | (Super.Ct.No. CR57208) |
| LUIS RAMIREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge. (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Seth Friedman, and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Luis Ramirez appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1172.6. We affirm.

## STATEMENT OF THE CASE

On August 17, 1994, the People filed an information charging defendant with three counts of attempted murder under sections 187/664. As to all counts, the information also alleged that defendant personally used a handgun under section 12022.5, subdivision (a).

On January 3, 1995, a jury found defendant guilty as charged and found the enhancements true. The trial court sentenced defendant to 28 years to be followed by three consecutive life sentences in state prison. Defendant appealed. This court affirmed the judgment. (*People v. Ramirez* (Aug. 12, 1996, E016741) [nonpub. opn.] (*Ramirez I*).)[2]

On July 11, 2023, defendant filed a petition for resentencing under section 1172.6. At a hearing on the petition on December 1, 2023, the trial court denied the petition.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] We granted the People's request for judicial notice of the records in defendant's prior appeal, case No. E016741.

## STATEMENT OF FACTS[3]

On January 14, 1994, the three victims had arranged to meet with two girls at a restaurant in Rubidoux, California. When the victims were waiting in the restaurant parking lot, defendant and his friend approached the victims and asked, "Where are you putos from?" The victims stated they were not affiliated with a gang. Defendant then introduced himself and his gang name, shook the victims' hands, and walked away. (*Ramirez I*, *supra*, E016741.)

After the girls arrived, they walked over to the victims and engaged in conversation with them; defendant was not in sight. Defendant soon came back and said, "I thought I told you putos to leave." Defendant and his friends began to fight with the victims. Defendant ultimately pulled out a gun and fired it, striking all three victims. (*Ramirez I*, *supra*, E016741.)

## DISCUSSION

On appeal, defendant contends that the trial court erred in denying his section 1172.6 petition without providing a statement or reasons and reviewing any documents from his underlying trial. We agree with defendant but find the error harmless.

---

[3] The statement of facts have been summarized from this court's opinion in *Ramirez I*, *supra*, E016741. The facts are provided for context.

3

A.  LEGAL BACKGROUND

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats 2018, ch. 1015) made "significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment on a felony-murder theory." (*People v. Strong* (2022) 13 Cal.5th 698, 707 (*Strong*).)  Senate Bill No. 1437 was enacted to "'ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*Strong*, at p. 708.)  Senate Bill No. 1437 eliminated murder convictions premised on any theory of imputed malice, i.e., any theory by which a person could be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine, unless it was proven that the defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life.  (§§ 188, subd. (a)(3), 189, subd. (e); see *Strong*, at pp. 707-708.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats 2021, ch. 551) expanded its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Section 1172.6 now provides:  "(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a

4

crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or *attempted murder under the natural and probable consequences doctrine*.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)

When evaluating a section 1172.6 petition, the trial court considers whether the defendant has made a prima facie case for relief. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) If the defendant makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).) During the prima facie

stage of review, the trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie" case for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Like the analogous prima facie inquiry in habeas corpus proceedings, "'"'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid.*)

Denial of a petition based on the failure to make a prima facie showing as a matter of law under section 1172.6 is a "'"purely legal conclusion, which we review de novo.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

B.    PROCEDURAL BACKGROUND

In the petition for resentencing, defendant alleged as follows: "I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019. (Pen. Code, § 1172.6, subd. (a)(3).)"

The prosecutor did not file an opposition to defendant's motion. However, at the hearing on the petition, the prosecutor stated:

"Your Honor, we had continued this matter a number of times because we believed there was an admission in the probation report from the defendant that he was the actual shooter and shot in self-defense.

"Before we were arguing about the admissibility of whether there was part of the record or not, we were able to obtain a copy of the jury instructions, and sent them to [defense counsel] earlier this—or, actually, back [on] September [] 28th of this year.

"The defendant did not receive, because he was the shooter, an aiding and abetting instruction, natural and probable consequences, felony murder, or any other theory on conspiracy or, otherwise, by which malice could be imputed to him from another individual."

Thereafter, the prosecutor asked for the court to deny defendant's petition.

Defense counsel responded as follows: "I have confirmed the accuracy of counsel's statements. I'll submit."

The trial court denied defendant's petition.

C.     ANALYSIS

Defendant contends that "the superior court erred by denying [defendant's] petition for resentencing without providing a meaningful statement of reasons and without first reviewing any documents from his record of conviction, in violation of

7

[defendant's] statutory and constitutional rights." (All caps omitted.) We hold that any error was harmless.

Here, the judicially noticed documents reflect that the trial court did not instruct on, and the jury therefore did not find defendant guilty of, attempted murder under any theory of imputed malice. The court gave no instructions on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any other theory in which malice could have been imputed to defendant based on his participation in another crime. The jury instructions do not identify any underlying target offense. Thus, defendant is per se ineligible for resentencing.

Where the court errs in its handling of a section 1172.6 petition, we apply the *Watson* standard of harmless error analysis, i.e., whether it is "'reasonably probable that a result more favorable to [defendant] would have been reached in the absence of the error.' [Citations.]" (*People v. Oliver* (2023) 90 Cal.App.5th 466, 489, fn. 8, quoting *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*); accord *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892-893.)

"'"[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct."'" (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.) Where "there is simply no evidence that could support a favorable finding for [defendant], then any legal error in the court's reasoning or basis for its decision quite obviously is harmless." (*In re J.R.* (2022) 82 Cal.App.5th 526, 533-

534, fn. omitted [affirming where remand due to legal error would be pointless because there were no factual issues to resolve that would result in a decision favorable to the defendant].) Courts refuse requests for remand where the remedy would be "worse than pointless: remands would force people to expend resources but sentences would not change. There would be cost but no benefit." (*People v. Venegas* (2020) 44 Cal.App.5th 32, 42; see *People v. Schaffer* (2020) 53 Cal.App.5th 500, 506 [pointless to remand where defendant would be unable to gain any effective relief].)

To be certain, the better manner of proceeding below on such matters would be for the People to move into evidence, or request that the court take judicial notice of, the records that establish a defendant's legal ineligibility. We agree the court should have made clear its reasons for denying the petition and upon what records it was basing its ruling.

Here, however, defendant fails to identify any prejudice he suffered due to the procedural errors he identifies. Reversal and remand would be an idle act because, as noted *ante*, defendant is per se ineligible for relief. We will not engage in the futile act of remanding the matter. (*People v. Jefferson* (2019) 38 Cal.App.5th 399, 409 ["[R]emand is not appropriate when it would be an idle act."]; *People v. Tuggles* (2009) 179 Cal.App.4th 339, 388 ["Here, remand 'would be a useless and futile act and would be of no benefit to appellant[s].' [Citation.]"].)

9

Defendant has asked us to review a recently published opinion by the Fourth Appellate District, Division One—*People v. Gallardo* (2024) 105 Cal.App.5th 296 (*Gallardo*).

In *Gallardo*, a trial court set a "'status conference'" after receiving the defendant's petition for resentencing under section 1172.6. (*Id.* at p. 302.) Although the record did not reflect that the lower court "reviewed any documentary evidence at all," the court "summarily denied the petition following the prosecution's oral proffer that the jury instructions from [the defendant's] trial were based on a theory of direct aiding and abetting attempted murder." (*Ibid.*) Our colleagues in the Fourth District, Division One, concluded that "the court failed to adequately conduct the proceedings required by section 1172.6, subdivision (c). . . . [T]he court could not have determined that the record of conviction conclusively established [the defendant] was ineligible for relief as a matter of law because it does not appear that the court reviewed any aspect of the trial record." (*Ibid*.)

Although the *Gallardo* court recognized that "an order denying a section 1172.6 petition may be reviewable for harmless error (*People v. Vance* (2003) 94 Cal.App.5th 706, 714)," and "our review of the order denying [the defendant's] petition is de novo," the court decided it would not do so. The court stated that it would "not perform the trial court's statutorily mandated task for the first time on appeal," and declined the request for judicial notice of the record in the defendant's prior appeal. (*Gallardo*, *supra*, 105 Cal.App.5th at pp. 302-303.)

We decline to follow our colleagues' decision not to apply the harmless error analysis. "The state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 229.) The record clearly supports what both the prosecutor and defense counsel stated at the prima facie hearing on this case—that the court did not instruct the jury on any theory of imputed malice. It would be a waste of judicial resources to send this case back to the trial court to reach the same conclusion.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.